UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| TIMOTHY BARR, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:15-CV-85-ACL |
| REBECCA PEARSON, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's pro se Declaration and unsigned "Amended and Supplemental Complaint" [Doc. 15]. For the following reasons, the Court will instruct plaintiff to file a second amended complaint on a Court form in accordance with the instructions set forth below. If plaintiff fails to comply with the Court's order, this action may be dismissed without prejudice and without further notice.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action

fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992).

**The "Amended and Supplemental" Complaint**

On July 14, 2015, this Court ordered plaintiff to file an amended complaint on a Court-provided form [Doc. 13]. On August 3, 2015, plaintiff submitted a pro se Declaration and unsigned "Amended and Supplemental Complaint" that was not prepared on a Court-provided civil rights complaint form [Doc. 15]. Because plaintiff is proceeding pro se and in forma pauperis, the Court will give him an opportunity to file a second amended complaint in accordance with the specific instructions set forth herein.[1]

---

[1] The Court will instruct the Clerk to mail plaintiff a blank form complaint for the filing of a prisoner civil rights action. Plaintiff must complete his second amended complaint on the Court-provided form in accordance with the instructions set forth herein.

All claims in an action must be included in one, centralized complaint form, as neither the Court nor defendants wish to search through supplemental and prior pleadings in order to piece together plaintiff's claims.  **As such, plaintiff is warned that the filing of a second amended complaint replaces the original complaint and all previously-filed pleadings and supplements, and therefore, he must include each and every one of the claims he wishes to pursue in the second amended complaint.**  *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005).  **Any claims from the original complaint, supplements, and/or pleadings that are not included in the second amended complaint will be deemed abandoned and will not be considered.**  *Id.*  **Plaintiff is advised that the second amended complaint will replace the original and amended complaints and will be the only pleading this Court reviews.**  *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005).  **If plaintiff wishes to sue defendants in their individual capacities, plaintiff must specifically say so in the second amended complaint.**

Plaintiff should not attach any exhibits to the second amended complaint; all claims should be clearly set forth in the "Statement of Claim."  In addition, in the "Caption" of the second amended complaint, plaintiff shall set forth the name of each defendant he wishes to sue; and in the "Statement of Claim," plaintiff shall start

3

by typing the first defendant's name, and under that name, he shall set forth in separate numbered paragraphs the allegations supporting his claim(s) as to that particular defendant, as well as the right(s) that he claims that particular defendant violated and the capacity in which the defendant is being sued.  Plaintiff shall proceed in this manner with each of the named defendants, *separately* setting forth each individual name and under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that he claims that particular defendant violated.  The second amended complaint must contain short and plain statements showing that plaintiff is entitled to relief, the allegations must be simple, concise, and direct, and the numbered paragraphs must each be limited to a single set of circumstances.  If plaintiff needs more space, he may attach additional sheets of paper to the amended complaint and identify them as part of the "Caption" or "Statement of Claim"; however, as previously stated, plaintiff shall not attach any exhibits to the pleading.  Plaintiff shall sign the second amended complaint.

Plaintiff is reminded that he is required to submit his second amended complaint on a Court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.  Plaintiff's failure to make specific and actionable allegations against any of defendant(s) will result in that individual's dismissal from

this case.[2]  Last, if plaintiff fails to file a second amended complaint on a Court form within thirty days in accordance with the Court's instructions, this action may be dismissed without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that, consistent with this Order, plaintiff shall file a second amended complaint on the Court-provided form within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that the Clerk shall provide plaintiff with a copy of the Court's prisoner civil complaint form.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the Court may dismiss this action without prejudice and without further notice.

Dated this 5th day of August, 2015.

*[signature]*
**UNITED STATES MAGISTRATE JUDGE**

---

[2] The Court will review plaintiff's second amended complaint pursuant to 28 U.S.C. § 1915. A claim and/or defendant must survive § 1915 review in order for plaintiff to proceed in this lawsuit.