# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| TIMOTHY BARR, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 1:15-CV-85-ACL |
| REBECCA PEARSON, et al., | ) |  |
| Defendants. | ) |  |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the application of Timothy Barr (registration no. 529815) for leave to commence this action without payment of the required filing fee [Doc. #2]. Upon consideration of plaintiff's financial information, the Court will grant the application and assess an initial partial filing fee of $34.45. *See* 28 U.S.C. § 1915(a). In addition, the Court will order plaintiff to show cause why this action should not be dismissed for failure to exhaust his prison remedies.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater

of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id*.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $172.25. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $34.45, which is 20 percent of plaintiff's average monthly deposit.

## 42 U.S.C. § 1997e(g)(2)

Pursuant to 42 U.S.C. § 1997e(g)(2), the Court may require any defendant to reply to a complaint brought by a prisoner pursuant to 42 U.S.C. § 1983 or any other federal law if it finds that the plaintiff has a reasonable opportunity to prevail on the

merits. Moreover, 28 U.S.C. § 1915A requires the Court to identify any cognizable claims that would survive dismissal.

**The Amended Complaint**

Plaintiff, an inmate at the Southeast Correctional Center, seeks monetary and declaratory relief in this 42 U.S.C. § 1983 action against nine SECC and Corizon, Inc., employees in both their official and individual capacities. Plaintiff alleges that he was diagnosed with multiple sclerosis and that defendants are being deliberately indifferent to his serious medical needs. On page 3 of the amended complaint, plaintiff states that he "Filed an I.R.R. first, a grievance appeal second, and currently and still pending grievance appeal third." On page 9 of the amended complaint, plaintiff states that he "exhausted his complaints through the prison grievance process (IRR, grievance and appeals), all of which were denied."

**Discussion**

Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Moreover, pursuant to *Booth v. Churner*, 532 U.S. 731, 733-40 (2001), exhaustion is required where prison administrative remedies are available, even if the available

administrative remedies do not provide the precise, or full, relief sought. *Lyon v. Krol*, 305 F.3d 806, 808 (8th Cir. 2002). Moreover, prisoners are required to fully exhaust their prison remedies *prior to filing a complaint in Federal Court*.

It is unclear whether plaintiff exhausted his prison grievance remedies prior to filing this action. On the one hand, plaintiff states in the amended complaint that his appeal is still pending, and on the other hand, he states that all appeals were denied. Because plaintiff is a prisoner and is proceeding pro se, the Court will give him an opportunity show cause why this action should not be dismissed for failure to exhaust all his prison grievances prior to filing this action. In so doing, plaintiff should set forth the dates that his appeals were denied. If plaintiff fails to comply, the Court will dismiss this action without prejudice and without further notice.

Lastly, the Court notes that plaintiff has filed a motion for appointment of counsel [Doc. #18]. Plaintiff asserts that he cannot afford counsel, the issues presented in this case are complex, his imprisonment will hinder his ability to litigate this matter, and he has a "physical and mental disability" that would "make it difficult" to present his case. Plaintiff does not elaborate on the nature of his mental disability. For the following reasons, the motion will be denied without prejudice.

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998).

When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors, such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Id.*

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. This case is neither factually nor legally complex, plaintiff has failed to explain in what manner or respect his physical and mental disabilities will hinder him from presenting his case, and it is evident from the Amended Complaint that plaintiff is able to present his claims. Consequently, the Motion will be denied at this time, without prejudice to filing a request for counsel at a later date.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $34.45 within thirty (30) days from the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

5

**IT IS FURTHER ORDERED** that plaintiff shall show cause within thirty (30) days from the date of this Order why this action should not be dismissed for failure to fully exhaust his prison remedies prior to filing this action. Plaintiff must include in his show cause response the dates his grievance appeals were denied.

**IT IS FURTHER ORDERED** that if plaintiff fails to respond or to otherwise comply with this Order, without first showing good cause, the Court will dismiss this action without prejudice and without further notice.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #18] is **DENIED**, without prejudice.

Dated this 22nd day of September, 2015.

                                              s/Abbie Crites-Leoni_____
                                              **UNITED STATES MAGISTRATE JUDGE**