# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| TIMOTHY BARR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:15-CV-85-ACL |
| ) | |
| REBECCA PEARSON, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's response [Doc. #22] to this Court's Order of September 22, 2015 [Doc. #20], which is adopted and incorporated herein by reference. The Court will liberally construe plaintiff's response as a supplement to the amended complaint [Doc. #17].

On September 22, 2015, after reviewing the amended complaint pursuant to 28 U.S.C. § 1915, plaintiff was ordered to show cause why this action should not be dismissed for failure to exhaust available prison remedies prior to bringing this action. For the reasons set forth below, it does not appear that plaintiff timely complied with all three phases of the prison grievance process at the Southeast Correctional Center (SECC). Before dismissing this action, however, the Court will allow plaintiff an opportunity to show cause why this action should not be

dismissed for his failure to completely and timely exhaust the prison grievance process at SECC.

**Background**

Plaintiff filed this 42 U.S.C. § 1983 action on or about May 18, 2015, against nine SECC and/or Corizon, Inc., employees in both their official and individual capacities. Plaintiff alleged that he had been diagnosed with multiple sclerosis and that defendants had been deliberately indifferent to his serious medical needs. On page 3 of the amended complaint, plaintiff stated that he "Filed an I.R.R. first, a grievance appeal second, and currently and still pending grievance appeal third." On page 9 of the amended complaint, plaintiff stated that he "exhausted his complaints through the prison grievance process (IRR, grievance and appeals), all of which were denied." Because it was unclear whether plaintiff had exhausted his prison grievance remedies prior to filing this action, the Court afforded him an opportunity show cause why this action should not be dismissed for failure to exhaust all his prison grievances prior to filing this action.

In his response, plaintiff states that he filed an informal resolution request (IRR) on June 5, 2014; the IRR was denied on August 11, 2014; plaintiff filed an offender grievance on August 26, 2014; the grievance was denied on September 2, 2014; plaintiff filed a grievance appeal on October 19, 2014; the appeal was denied

on February 4, 2015. Plaintiff states that "finalization of this appeal represents exhaustion of this grievance pursuant to federal law."

Plaintiff has attached to his show cause response copies of the aforementioned IRR and grievance documents. The Court notes that the September 2 denial of plaintiff's offender grievance states, "D5-3.2 Offender Grievance allows you a seven day time frame to file a grievance after the IRR response is received. The complaint falls outside the time frame allowed by policy" [Doc. #22, p. 9 of 13]. Similarly, the February 4 denial of plaintiff's grievance appeal states: "Per Policy D5-3.2 an offender is allowed a seven day time frame to file/respond and file an offender grievance complaint[;] this complaint was over the timeframe and thus is a moot point and will not be addressed."

## Discussion

Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Exhaustion under the PLRA is defined by the prison's grievance procedures, *Jones v. Bock*, 127 S.Ct. 910, 922–23 (2007), and it means proper exhaustion, which is compliance with

an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). A prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. *Id.*

The Court takes judicial notice of the following:

> The Missouri Department of Corrections (MDOC) has a uniform grievance procedure for all Missouri prisons... The MDOC procedure consists of three stages. At the first stage, a prisoner presents his complaint by filing an Informal Resolution Request (IRR) within 15 days of the circumstances giving rise to the complaint. The IRR is then reviewed and a written response is given to the prisoner. At the second stage, a prisoner who is dissatisfied with the response to the IRR may file an Offender Grievance within seven days of the conclusion of the entire IRR review process. The grievance is then reviewed and a written response is provided to the prisoner. Finally, at the third stage, a prisoner who is dissatisfied with the response to the grievance may file an Offender Grievance Appeal within seven days of the conclusion of the entire grievance review process. The appeal is then reviewed and a written response is provided to the prisoner.

*Taylor v. Null*, 2015 WL 1006093 at *2 (E.D. Mo. 2015).

Where it is apparent from the face of the pleadings and the record that a plaintiff has not met the applicable exhaustion requirements, a Court may properly dismiss an in forma pauperis complaint prior to service. *Cf. Smith v. Unknown Corrections Officer*, 196 Fed.Appx. 451, 451-52, 2006 WL 2620837 (8th Cir. 2006). As noted above, plaintiff concedes that his IRR was denied on August 11, 2014, and that he did not file an offender grievance until August 26, 2014. Although plaintiff

now states that "he has exhausted all prison remedies," the record clearly shows that he did not timely file his offender grievance, and therefore, it cannot be said that he exhausted his available administrative remedies. As previously stated, a prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. *Woodford*, 548 U.S. at 90. As such, plaintiff's claims appear to be barred by 42 U.S.C. § 1997e(a), thus warranting dismissal of this action. Because plaintiff is proceeding pro se and in forma pauperis, the Court will allow him an opportunity to show cause why this matter should not be dismissed for his failure to timely exhaust prison remedies.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall show cause within thirty (30) days from the date of this Order why this action should not be dismissed for failure to fully exhaust his prison remedies prior to filing this action.

**IT IS FURTHER ORDERED** that if plaintiff fails to respond or to otherwise comply with this Order, without first showing good cause, the Court will dismiss this action without prejudice and without further notice.

Dated this 21st day of October, 2015.

*Abbie Crites-Leoni*
**ABBIE CRITES-LEONI**
**UNITED STATES MAGISTRATE JUDGE**