UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TIMOTHY BARR, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )    No. 1:15-CV-85-ACL<br>) |
| REBECCA PEARSON, et al., | )<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's response [Doc. #25] to this Court's Order of October 21, 2015 [Doc. #23], which is adopted and incorporated herein by reference.

On September 22, 2015, after reviewing the amended complaint pursuant to 28 U.S.C. § 1915, plaintiff was ordered to show cause why this action should not be dismissed for failure to exhaust available prison remedies prior to bringing this action [Doc. #20]. In his original response [Doc. #22], plaintiff simply stated that he filed an informal resolution request (IRR) on June 5, 2014; the IRR was denied on August 11, 2014; he filed an offender grievance on August 26, 2014; the grievance was denied on September 2, 2014; he filed a grievance appeal on October 19, 2014; the appeal was denied on February 4, 2015. Plaintiff attached to his show cause response copies of the aforementioned IRR and grievance documents. The Court

noted that the September 2 denial of plaintiff's offender grievance stated, "D5-3.2 Offender Grievance allows you a seven day time frame to file a grievance after the IRR response is received. The complaint falls outside the time frame allowed by policy" [Doc. #22, p. 9 of 13]. Similarly, the February 4 denial of plaintiff's grievance appeal stated: "Per Policy D5-3.2 an offender is allowed a seven day time frame to file/respond and file an offender grievance complaint[;] this complaint was over the timeframe and thus is a moot point and will not be addressed."

Taking judicial notice that the Missouri Department of Corrections (MDOC) has a three-stage uniform grievance procedure for all Missouri prisons, including specific time frames for filing the IRR, grievance, and appeal, the Court instructed plaintiff to file a second show cause response to address what appeared to be the untimely filing of his prison remedies. In his second response to show cause [Doc. #25] plaintiff states that his grievance actually was timely filed on August 26, 2014, because he had not received the denial of his IRR until August 20, 2014. Plaintiff has failed, however, to address the apparent untimeliness of the filing of his appeal. Plaintiff states that his grievance was denied on September 2, 2014, and that he filed a grievance appeal on October 19, 2014, which appears to be outside of the seven-day time limit. *See Taylor v. Null*, 2015 WL 1006093 at *2 (E.D. Mo. 2015) (at the third stage of the MDOC's uniform grievance procedure, a prisoner who is

2

dissatisfied with the response to the grievance may file an Offender Grievance Appeal within seven days of the conclusion of the entire grievance review process). Because plaintiff is proceeding pro se and in forma pauperis, the Court will allow him an opportunity to show cause why this matter should not be dismissed for his failure to timely file his appeal from the denial of his grievance.

Accordingly,

**IT IS HEREBY ORDERED** that, **on or before December 19, 2015,** plaintiff shall show cause why this action should not be dismissed for his failure to timely file his appeal from the denial of his grievance and thereby fully exhaust his prison remedies prior to filing this action.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, without first showing good cause, the Court will dismiss this action without prejudice and without further notice.

Dated this 19th day of November, 2015.

*/s/ Abbie Crites-Leoni*
**ABBIE CRITES-LEONI**
**UNITED STATES MAGISTRATE JUDGE**