# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY BARR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15-CV-85-ACL |
| | ) | |
| REBECCA PEARSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's response to the Court's order to show cause why this action should not be dismissed for failure to timely exhaust his prison grievances [Doc. 27]. Having carefully reviewed plaintiff's response, the Court will allow this case to proceed at this time, as it is not apparent from the face of the pleadings that plaintiff failed to meet the applicable exhaustion requirements.[1] *See Smith v. Unknown Corrections Officer*, 196 Fed.Appx. 451, 2006 WL 2620837 (8th Cir. 2006). In addition, plaintiff will be instructed to file an amended complaint, in accordance with the instructions set forth below.

---

[1] In his response to show cause, plaintiff states that defendants "deliberately delayed [him] from filing a timely appeal."

## Background

Plaintiff filed this action for constitutional violations pursuant to 42 U.S.C. § 1983. In the course of the Court's efforts to determine if plaintiff had properly exhausted his prison grievances prior to filing this case, plaintiff filed a supplement to the complaint, setting forth additional facts and allegations [Doc. 24]. The Court, however, does not allow plaintiffs to amend their complaints by interlineation or supplementation. All claims in an action must be included in one, centralized complaint form, as neither the Court nor defendants wish to search through supplemental pleadings in order to piece together a plaintiff's claims. Because plaintiff is proceeding pro se and in forma pauperis, the Court will give him an opportunity to file a second amended complaint on a Court-provided form.[2]

**As such, plaintiff is warned that the filing of a second amended complaint replaces the original complaint and all previously-filed pleadings and supplements, and therefore, he must include each and every one of the claims he wishes to pursue in the second amended complaint.** See, e.g., *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th

---

[2]The Court will instruct the Clerk to mail plaintiff a blank form complaint for the filing of a prisoner civil rights action. Plaintiff must complete his second amended complaint on the court-provided form in accordance with the instructions set forth herein.

Cir. 2005). **Any claims from the original complaint, supplements, and/or pleadings that are not included in the second amended complaint will be deemed abandoned and will not be considered.** *Id.* **Plaintiff is advised that the second amended complaint will replace the original and amended complaints, supplement, and all previously-filed pleadings and will be the only pleading this Court reviews.** *See id.* **If plaintiff wishes to sue defendants in their individual capacities, plaintiff must specifically say so in the second amended complaint.**

Plaintiff should not attach any exhibits to the second amended complaint; all claims should be clearly set forth in the "Statement of Claim." In addition, in the "Caption" of the second amended complaint, plaintiff shall set forth the name of each defendant he wishes to sue; and in the "Statement of Claim," plaintiff shall start by typing the first defendant's name, and under that name, he shall set forth in separate numbered paragraphs the allegations supporting his claim(s) as to that particular defendant, as well as the right(s) that he claims that particular defendant violated and the capacity in which the defendant is being sued. Plaintiff shall proceed in this manner with each of the named defendants, *separately* setting forth each individual name and under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that he claims that particular

defendant violated. The second amended complaint must contain short and plain statements showing that plaintiff is entitled to relief, the allegations must be simple, concise, and direct, and the numbered paragraphs must each be limited to a single set of circumstances. If plaintiff needs more space, he may attach additional sheets of paper to the second amended complaint and identify them as part of the "Caption" or "Statement of Claim"; however, as previously stated, plaintiff shall not attach any exhibits to the pleading. Plaintiff shall sign the second amended complaint.

Plaintiff is reminded that he is required to submit his second amended complaint on a Court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff's failure to make specific and actionable allegations against any of defendant(s) will result in that individual's dismissal from this case.[3] Last, if plaintiff fails to file a second amended complaint on a Court form in accordance with the Court's instructions, this action may be dismissed without prejudice and without further notice.

Accordingly,

---

[3] The Court will review plaintiff's second amended complaint pursuant to 28 U.S.C. § 1915. A claim and/or defendant must survive § 1915 review in order for plaintiff to proceed in this lawsuit.

**IT IS HEREBY ORDERED** that that the Clerk shall mail to plaintiff a copy of the Court's form Prisoner Civil Rights Complaint.

**IT IS FURTHER ORDERED** that, consistent with this Order, plaintiff shall file a second amended complaint on the Court-provided form **on or before March 9, 2016**.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the Court may dismiss this action without prejudice and without further notice.

Dated this 10th day of February, 2016.

/s/ Abbie Crites-Leoni
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE