# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY BARR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15-CV-85-ACL |
| | ) | |
| REBECCA PEARSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on review of plaintiff's amended complaint [Doc. 34]. For the reasons stated below, the Court will dismiss plaintiff's official-capacity claims against all defendants and order the Clerk of Court to issue process on the amended complaint as to all defendants in their individual capacities.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action

1

fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950-52.

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**The Amended Complaint**

Plaintiff, an inmate at the Jefferson City Correctional Center brings this action pursuant to 42 U.S.C. § 1983 for the violation of his constitutional rights during his incarceration at the Southeast Correctional Center ("SECC"). Named as defendants are the Missouri Department of Corrections and/or Corizon, Inc., employees Rebecca Pearson (Nurse), Dana Degens (Nurse), Brandi Juden (Nurse), David Helman (Nurse), J. Cofield (Director of Operations), Mina Massey (Medical Director), G. Babich (Medical Doctor), Kimberly Birch (Nurse), and Nina Hill (Nurse). Liberally construing the amended complaint, plaintiff is alleging that defendants were deliberately indifferent to his serious medical needs at SECC following a diagnosis of multiple sclerosis. More specifically, defendants intentionally delayed and/or failed to provide necessary medical treatment for plaintiff. Plaintiff is suing defendants in both their individual and official capacities.

## Discussion

### I. Official Capacity Claims

Naming an SECC correctional officer or employee in his or her official capacity is the equivalent of naming the entity that employs the official, in this case the State of Missouri. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* Moreover, as to the defendant medical personnel who may be employees of Corizon, Inc., the Court notes that "[a] corporation acting under color of state law will be held liable only for its own unconstitutional policies." *See Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993). Because plaintiff does not allege that any Corizon official policies or customs were responsible for the alleged violation of his constitutional rights, the complaint fails to state a claim upon which relief can be granted as to defendants in their official capacities. As such, the Court will dismiss, without prejudice, plaintiff's claims against all defendants in their official capacities.

### II. Individual Capacity Claims

Plaintiff's 42 U.S.C. § 1983 allegations against defendants in their individual capacities state a claim for Eighth Amendment violations, and therefore, the Court will order process on the amended complaint to issue against all named defendants.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to be issued on the amended complaint [Doc. 34] as to all defendants in their individual capacities.

**IT IS FURTHER ORDERED** that defendants, in their individual capacities, shall reply to the amended complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure. *See* 42 U.S.C. § 1997e(g)(2).

**IT IS FURTHER ORDERED** that plaintiff's official-capacity claims against all defendants are **DISMISSED** without prejudice. *See* 42 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to Track 5B (prisoner actions-standard).

A separate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this __20th_ day of __June__, 2016.

                                    \s\   **Jean C. Hamilton**
                                    **UNITED STATES DISTRICT JUDGE**