UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY BARR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:15CV00085 ACL |
| | ) | |
| REBECCA PEARSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Timothy Barr, currently an inmate at the Jefferson City Correctional Center ("JCCC"), brought this action *pro se* under 42 U.S.C. § 1983, alleging that his constitutional rights were violated during his incarceration at Southeast Correctional Center ("SECC"). This matter is before the Court on Defendants' Motion for Summary Judgment. (Doc. 70.) For the following reasons, the Court will grant Defendants' Motion for Summary Judgment.

**I.   Background**

In his Amended Complaint, Barr seeks monetary and declaratory relief against the following SECC and/or Corizon, Inc. employees in both their official and individual capacities: Nurse Rebecca Pearson,[1] Nurse Dana Degens, Nurse Brandi Juden, Nurse David Helman, J. Cofield (Director of Operations), Dr. Mina Massey (Medical Director), Dr. G. Babich, Dr. Kimberly Birch, and Nurse Practitioner Nina Hill. (Doc. 34.) Barr alleges that Defendants were deliberately indifferent to his serious medical needs at SECC following a diagnosis of multiple sclerosis ("MS"). Specifically, Barr contends that Defendants intentionally delayed treatment,

---

[1]Rebecca Pearson was dismissed from this action on January 5, 2017, due to Plaintiff's failure to provide Ms. Pearson's address so that service could be effectuated. (Doc. 60.)

failed to provide necessary medical treatment, and improperly administered prescribed medication. *Id.* at 9. As a result, Barr contends that he has suffered harmful side effects and symptoms, including confinement in a wheelchair. *Id.*

In their Motion for Summary Judgment, Defendants argue that there are no genuine issues of material fact, and they are entitled to judgment as a matter of law, because Barr's allegations of deliberate indifference are unsupported. Barr has filed a Response in Opposition to Defendants' Motion for Summary Judgment (Doc. 83), and Defendants have filed a Reply (Doc. 86).

## II.     Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(a), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A genuine issue of material fact is not the "mere existence of some alleged factual dispute between the parties." *State Auto. Ins. Co. v. Lawrence,* 358 F.3d 982, 985 (8th Cir. 2004). "Instead, the dispute must be outcome determinative under prevailing law." *Mosley v. City of Northwoods,* 415 F.3d 908, 910-11 (8th Cir. 2005) (internal quotations omitted). A fact is material when it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Barr's status as a *pro se* prisoner does not excuse him from responding to Defendants' Motion "with specific factual

support for his claims to avoid summary judgment," or from complying with local rules. *Beck v. Skon*, 253 F.3d 330, 333 (8th Cir. 2001).

III. **Facts**[2]

Barr was at all times relevant to his Complaint incarcerated within the Missouri Department of Corrections ("MDOC") at SECC. Corizon, LLC ("Corizon"), the employer of the named Defendants, was under contract with the State of Missouri to provide medical care and treatment to offenders incarcerated within the MDOC.

On May 21, 2014, Barr was diagnosed with having MS by Dr. Sudhir Batchu, pursuant to Dr. Batchu's assessment and review of an MRI. Dr. Batchu recommended that Barr start Avonex, be given Aleve with the onset of side effects typically caused by Avonex, and follow-up with Dr. Batchu in three months. Dr. Batchu gave Barr an information packet that consisted of informational paperwork, a USB drive, and a pen. Defendants describe the pen as an ink pen containing an advertisement on the outside of the pen. Barr contends the pen was not an ink pen but was an "Avonex pen," containing a dosage of the drug. Defendants state that the informational paperwork was returned to Barr, but the remaining items were not returned as Barr was not allowed to have the items within the facility. Barr argues that all of the items were taken and thrown away by Rebecca Pearson.

On May 22, 2014, Defendant Massey placed a request to allow Barr to see Dr. Batchu for a follow-up appointment in three months, which was approved by the Regional Medical Director on May 23, 2014. On May 27, 2014, Defendant Massey prescribed Avonex for Plaintiff

---

[2]The Court's recitation of the facts is taken from facts that (1) Barr admitted were undisputed in his Response or (2) Barr alleged were disputed but failed to properly and/or directly controvert. The movant's statement of facts are deemed admitted if not specifically controverted by the party opposing the motion with specific references to portions of the record as required by Local Rule 4.01(E) and Federal Rule of Civil Procedure 56(c)(1).

3

pursuant to Dr. Batchu's recommendation. Barr was given injections of Avonex by nurses at SECC, including Defendants Degens and Helman, on the following dates: June 11, 2014, June 18, 2014, July 2, 2014, July 9, 2014, July 23, 2014, and July 30, 2014. Avonex injections were administered on additional dates by Corizon nurses not named as defendants in this matter. Defendants state that the injections were administered in Barr's right or left deltoid, whereas Barr disputes this fact, and claims that the injections were administered to his biceps.

Defendant Hill met with Barr on October 10, 2014, to provide Barr with additional information regarding Avonex injection treatment and MS. Barr reported experiencing side effects, including facial numbness, on this date. He did not receive any further Avonex injections at SECC after October 10, 2014.

## IV. Discussion

"Deliberate indifference" to a prisoner's serious illness or injury constitutes cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Gregoire v. Class*, 236 F.3d 413, 417 (8th Cir. 2000) ("It is well established that the Eighth Amendment prohibition on cruel and unusual punishment extends to protect prisoners from deliberate indifference to serious medical needs."). "Deliberate indifference has both an objective and a subjective component." *Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006). The objective component requires a plaintiff to demonstrate an objectively serious medical need. *Grayson v. Ross*, 454 F.3d 802, 808-09 (8th Cir. 2006); *Moore v. Jackson*, 123 F.3d 1082, 1086 (8th Cir. 1997), which is one "that either has been diagnosed by a physician as requiring treatment, or is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *McRaven v. Sanders*, 577 F.3d 974, 982 (8th Cir. 2009) (internal citation and quotation marks omitted).

4

The subjective component requires a plaintiff to show that the defendant actually knew of, but deliberately disregarded, his objectively serious medical need. *Grayson*, 454 F.3d at 808-09; *Moore*, 123 F.3d at 1086. To establish this component, the prisoner must show that the defendant had a "mental state akin to criminal recklessness: disregarding a known risk to the inmate's health." *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006). "[T]he prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 489 (8th Cir. 2008) (internal quotation marks and citation omitted).

Barr claims that the following actions of Defendants constitute deliberate indifference to that need: Defendants delayed starting the Avonex injections recommended by Dr. Batchu for 21 days; the Defendant nurses improperly administered the Avonex injections, which caused adverse side effects; and Defendants stopped treatment with Avonex injections on October 1, 2014, absent his request or consent.

Defendants argue in their Motion for Summary Judgment that Barr's allegations of deliberate indifference fail because Defendants provided Barr with appropriate medication soon after he was diagnosed with MS, and Barr produced no expert testimony to support his claim that Defendants improperly administered the Avonex.

In response to Defendants' Motion for Summary Judgment, Barr has submitted the following exhibits: a "Medical History," consisting of "personal notes taken [by Barr] from May 21, 2014 until today's date" regarding his medical treatment and side effects from his medications (Doc. 83-8); copies of pages from unidentified sources regarding general medical information and information regarding Avonex injections (Doc. 83-8); portions of his

institutional records (Doc. 83-8); his own Affidavit (Doc. 83-4); and the declarations of Derrick McFarland (Doc. 83-7), Charles Chambers (Doc. 83-6), Robert Gibbs (Doc. 83-5), and Jervell D. Stanciel-El (Doc. 85).

Defendants respond that the exhibits Barr has attempted to introduce are either irrelevant or otherwise inadmissible. They argue that Barr's allegations of deliberate indifference are unsupported by the uncontroverted and material facts.

### *Delay in Treatment*

Barr's first argument is that Defendants were deliberately indifferent to his medical needs in that he was denied treatment from the date of his diagnosis of MS on May 22, 2014, until June 11, 2014. Barr alleges that former Defendant Nurse Rebecca Pearson took the items given to him from Dr. Batchu on May 22, 2014—pamphlets on MS, a USB drive, and an Avonex Pen—and threw them away. He first received an Avonex injection on June 11, 2014. Barr claims that, as a result of this 21-day delay in receipt of his medication, he began "having numbness in his hands, and his balance became unsteady." (Doc. 83-2.)

Where a prisoner claims that medical treatment was unconstitutionally delayed, the objective seriousness of the medical need is measured by the effect of delay in treatment. *Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997). To establish this objective seriousness, the prisoner must place verifying medical evidence into the record to demonstrate that the alleged delay in treatment caused harm and had some detrimental effect. *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005).

Barr has submitted no credible evidence showing that any delay in receipt of his medication adversely affected his condition or prognosis. Barr attempts to support his claims with his own notes regarding his medical care; his own affidavit setting out his allegations; and

the Declarations of fellow inmates Robert Gibbs, Charles Chambers, Derrick McFarland, and Jervell D. Stanciel-El, all of which had been confined with Barr at some point during the relevant period. The four Declarations are very similar. Each declarant states that he personally observed Barr's health decline after Barr started treatment with medication. (Docs. 83-5, 83-6, 83-7, 85.)

Defendants object to Barr's notes and the four Declarations on the basis that they cannot be presented in a form that would be admissible in evidence, as opposed to Defendants' medical records that were made at or near the time by a person with knowledge and kept in the regular course of business. They request that the Declarations be stricken from the record for failure to comply with Federal Rule of Civil Procedure 56(c)(4), which provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters asserted." The Declarations submitted by Barr provide no indication that the declarants are competent to testify regarding Barr's medical treatment or the causation of adverse symptoms from medication. The Declarations do not address the issue of the alleged delay in treatment. The Declarations, therefore, do not aid Barr in opposing Defendants' Motion for Summary Judgment. To the extent the Declarants testify regarding medical causation, they do not comply with Rule 56(c)(4) and cannot be considered.

Barr has failed to place any verifying medical evidence in the record to show that the 21-day delay in starting his medication for MS adversely affected his condition or prognosis. Barr's own summary of his medical treatment (Doc. 83-8) is irrelevant in determining whether his claimed side effects can be attributable to the Avonex injections administered by Defendants.

Barr's failure to provide verifying medical evidence of an adverse effect of delayed treatment defeats the objective component of showing deliberate indifference.

Further, Barr has failed to show that Defendants' subjective response to this need rose to the level of deliberate indifference. Although the parties dispute whether Barr was given an Avonex pen on May 22, 2014, this dispute is immaterial to the resolution of Defendants' Motion. The medical record reveals that Barr and his family members complained to Nurse Juden on May 23, 2014 that the Avonex pen had been thrown away and expressed concern that Barr's treatment would be delayed as a result. (Doc. 72-2 at 4.) Nurse Juden addressed Barr's complaints as follows:

> I informed them that it was not medication that was disposed of, but was an ink pen that was provided by the vendor. I explained the process for obtaining medication and let them know that it would be next week or the beginning of the following week before the medication would arrive. I also informed them that this medication was not ordered to give stat as they were told, but that it was a recommendation that would be processed by onsite physician and referral process.

(Doc. 72-2 at 4.)

Barr does not dispute that Defendant Massey placed a request to allow Barr to see Dr. Batchu for a follow-up appointment in three months on May 22, 2014, and prescribed Avonex pursuant to Dr. Batchu's recommendation on May 27, 2014. He received Avonex injections approximately weekly from June 11, 2014, until October 2014. Given the prompt action taken by Defendants to implement Dr. Batchu's treatment recommendation and the lack of a directive that medication be administered immediately, the 21-day processing delay was not unreasonable. Further, any failure to provide Barr with an Avonex pen—a "single-use" injection of Avonex (Doc. 83-8 at 3)—does not demonstrate deliberate indifference.

Thus, Defendants are entitled to judgment as a matter of law on Barr's delay in treatment claim.

*Administration of Avonex Injections*

Barr next claims that Defendants improperly administered Avonex by injecting it into his bicep muscles rather than the deltoid muscles as Defendants allege. He states that, "[d]ue to side effects from this treatment and how it was administer[ed] to Plaintiff, Plaintiff began to experience dizziness." (Doc. 83-1 at 2.) Barr alleges that he experienced other side effects from the Avonex injections, including blurred vision, loss of voice, loss of hair, loss of hearing, and problems with balance. (Doc. 83-2 at 1.) Finally, Barr contends that Defendants arbitrarily stopped administering the injections in October 2014.

Allegations of medical malpractice, inadvertent failure to provide adequate medical care, or simple negligence do not amount to a constitutional violation. *Estelle,* 429 U.S. at 106 (1976); *Popoalii,* 512 F.3d at 499; *Smith v. Clarke,* 458 F.3d 720, 724 (8th Cir. 2006). Rather, the standard is met when the complainant establishes that the official "intentionally den[ied] or delay[ed] access to medical care, or intentionally interfer[ed] with treatment or medication that has been prescribed." *Vaughan v. Lacey,* 49 F.3d 1344, 1346 (8th Cir. 1995). Furthermore, "prison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment," since prisoners do not have a right to any particular course of medical care. *Long v. Nix,* 86 F.3d 761, 765 (8th Cir. 1996) (citing *Kayser v. Caspari,* 16 F.3d 280, 281 (8th Cir. 1994)); *Taylor v. Turner,* 884 F.2d 1088, 1090 (8th Cir. 1989). "[N]othing in the Eighth Amendment prevents prison doctors from exercising their independent professional judgment." *Long,* 86 F.3d at 765. Accordingly, under Eighth Circuit law, "mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Popoalii,* 512 F.3d at 499 (*quoting Estate of Rosenberg v. Crandell,* 56 F.3d 35, 37 (8th Cir. 1995)).

9

The undisputed facts in this case show that Bar was assessed and treated on a regular basis for his MS. He saw doctors and nurses, his complaints were addressed, and he was provided education on his diagnosis. (Doc. 72-2.) The institutional medical records submitted by Defendants reflect that the Avonex injections were administered into Barr's deltoid muscles. *Id.* Even if the Court accepted Barr's version of the facts that Defendants administered the injections into his biceps, this would not establish that Defendants violated his Eighth Amendment rights. At most, Barr's allegations could show negligence, which is insufficient to support his deliberate indifference claim.

Further, Barr has offered no supporting medical evidence that the complained of symptoms were caused by the manner in which the injections were administered. Even at the summary judgment stage, proof of causation by expert testimony is required when a prisoner is complaining about treatment of "a sophisticated injury." *Alberson v. Norris,* 458 F.3d 762, 765-66 (8th Cir. 2006) (affirming summary judgment where prisoner's survivor did not submit expert evidence to prove causal connection between medical treatment provided decedent and his death from complications from Goodpasture Syndrome, a rare autoimmune disease that can affect the lungs and kidneys); *see also Rowe v. Norris,* No. 05-2580, 2006 WL 2711945, *1 (8th Cir. Sept. 22, 2006) (affirming district court's decision that prisoner presented insufficient evidence to create a jury question as to claim that prison doctor denied care that was directed by former prison doctor, including consultation with a gastrointestinal specialist for plaintiff's Hepatitis C, where plaintiff offered no "verifiable medical evidence" to establish that he was harmed by the denial). Barr's claims of injury are complex, and a medical expert is needed to verify his complaints.

Similarly, the fact that Defendants stopped administering Avonex in October 2014 is not sufficient to show deliberate indifference. The medical record indicates that, on October 10, 2014, Barr refused his Avonex injection, reporting to Defendant Nurse Degen that the "side effects are getting the best of me." (Doc. 72-2 at 39.) Barr reported that his face was "locking up," he had difficulty with his eye, and he experienced confusion. *Id.* Due to Barr's refusal to take his medication, he was seen by Defendant Hill on that same date. *Id.* at 39-40. Hill advised Barr of the possibility that his MS was causing his symptoms and provided further education on the disease. *Id.* at 40. Barr saw Defendant Birch on October 22, 2014, at which time Birch spent 45 minutes with Barr discussing his "very complex case." *Id.* at 40. She stated that Barr had complained of several adverse side effects, and "felt terrible," so started refusing the Avonex. *Id.* Barr reported that he "feels much better off of meds." *Id.* Birch indicated that she had left several messages with Dr. Batchu's office to discuss Barr's case. *Id.* She stated that she would discuss the case with her colleagues, request further testing, and request referral to a different neurologist. *Id.* at 41.

Barr disputes that he ever refused an Avonex injection. Even assuming Barr's version of the events is true, Barr's allegations do not show deliberate indifference. Barr's complaints of side effects from the Avonex are documented in the medical record. The record reveals that Defendants acted immediately to address Barr's complaints of adverse symptoms, and provided counseling and treatment, including a referral to a specialist. Barr's complaint that Defendants stopped the injections arbitrarily to deny him care is not supported by the record. To the contrary, Defendants properly exercised their professional medical judgment in managing Barr's complex disorder. After stopping the injections, Defendants continued to actively treat Barr's complicated medical condition.

In sum, the evidence shows that Defendants have closely monitored Barr's MS and provided adequate treatment for that medical condition. Barr has provided no evidence, other than his own opinion, that Defendants improperly administered his medication or arbitrarily stopped needed medication. An inmate cannot create a question of fact by merely stating that he did not feel that he received adequate treatment. *Dulany v. Carnahan*, 132 F.3d 1234, 1240 (8th Cir. 1997). Because Barr has failed to establish that any of the Defendants provided medical treatment that was so inappropriate as to demonstrate a refusal to provide essential care, he has failed to establish that defendants were deliberately indifferent to serious medical needs in violation of the Eighth Amendment.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (Doc. 70) is **granted**. A separate Judgment in favor of Defendants will accompany this Memorandum and Order.

/s/ Abbie Crites-Leoni
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 13th day of December, 2017.