# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| TIMOTHY BARR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:15-cv-85-ACL |
| ) | |
| REBECCA PEARSON, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon plaintiff Timothy Barr's Motion to Alter or Amend Judgment, filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Docket No. 102/filed January 8, 2018). Therein, plaintiff seeks to alter or amend this Court's December 13, 2017 Memorandum and Order and Judgment granting the defendants' motion for summary judgment and entering judgment in their favor. Defendants have not responded to the motion, and the time for doing so has passed. The motion will be denied.

## **Background**

Plaintiff brought this action pro se under 42 U.S.C. § 1983, alleging that his constitutional rights were violated during his incarceration at Southeast Correctional Center ("SECC") when the defendants were deliberately indifferent to his serious medical needs following a diagnosis of multiple sclerosis ("MS"). Specifically, plaintiff alleged that the defendants intentionally delayed treatment, failed to provide necessary medical treatment, and improperly administered prescribed medication. On December 13, 2017, this Court granted defendants' motion for summary judgment and entered judgment in their favor. In doing so, the Court determined, *inter alia*, that the defendants had closely monitored plaintiff's medical condition and provided adequate treatment for it, and that plaintiff provided no evidence, other than his own opinion,

that defendants improperly administered his medication or arbitrarily stopped needed medication. (Docket No. 88).

In the instant motion, filed January 8, 2018, plaintiff argues that "the defendants in this cause deliberately denied [him] adequate discovery," hindering him from introducing "valuable information" in opposition to the motion for summary judgment, and from introducing "relevant material" to the Court. (Docket No. 102 at 1). Plaintiff also states he was "unable to locate Dr. Sudhir Batchu, in order to provide this Court with <u>expert material</u> in opposition to the motion for summary judgment, and states that the Court overlooked four declarations he filed. *Id.* at 2 (emphasis in original). He argues that the entry of summary judgment was erroneous because he was not provided "adequate discovery" to challenge the motion for summary judgment, that he was disadvantaged by his physical condition, and that defendants failed to provide him with medical treatment for over 21 days. *Id.* at 3.

## Discussion

Motions to alter or amend judgment filed pursuant to Federal Rule of Civil Procedure 59(e) "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). Such motions do not allow a party to re-litigate matters previously resolved by the court, or to raise arguments or present evidence that could have been presented prior to the entry of judgment, unless good cause is shown for such failure. *Holder v. United States*, 721 F.3d 979, 986 (8th Cir. 2013); *Innovative Home Health Care*, 141 F.3d at 1286.

Upon review of the instant motion, the Court concludes that it fails to point to any manifest errors of law or fact, or any newly discovered evidence. Instead, the motion can be said

-2-

to merely revisit old arguments, or attempt to raise new ones without providing good cause for the failure to raise them prior to the entry of judgment. Plaintiff is therefore not entitled to relief under Rule 59(e), and the motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Alter or Amend Judgment (Docket No. 102) is **DENIED**.

/s/ Abbie Crites-Leoni
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of January, 2018.